ROZYCKI *v.* LEPPEK.

MORTGAGES—DEEDS—EVIDENCE—SUFFICIENCY.

On a bill to have a conveyance in form a deed by one of the members of a partnership to a partnership creditor decreed to be a mortgage, which had been paid, and to have it discharged of record, evidence *held*, sufficient to warrant a decree for plaintiff.

Appeal from Wayne; Law, J., presiding. Submitted October 18, 1917. (Docket No. 156.) Decided December 28, 1917.

Bill by Stanley Rozycki against Joseph Leppek and another to have a conveyance in form a deed decreed to be a mortgage which has been fully paid, and for its discharge of record. From a decree for plaintiff, defendants appeal. Affirmed.

*Wilkinson, Routier & Hinkley,* for plaintiff.

*James R. Neill,* for defendants.

MOORE, J. This is a bill filed to have a conveyance in form a deed decreed to be a mortgage, which has been fully paid, and to have it discharged of record. From a decree in favor of the plaintiff the case is brought here by appeal.

It is the claim of the plaintiff that prior to June 23, 1911, Rozycki Bros., a copartnership consisting of the plaintiff and his two brothers, and of which plaintiff was the manager, was indebted to Joseph Leppek in the sum of $1,219; that in order to secure said indebtedness plaintiff deeded to Joseph Leppek a house and lot in Detroit; that at the time the deed was delivered there was a mortgage on the property, which the plaintiff afterwards paid, securing the money for this purpose by giving another mortgage to the People's State Bank. It is claimed that after the conveyance was given Joseph Leppek employed Rozycki Bros. to build some stores, and after this was done said Leppek owed Rozycki Bros. $2,500, and that part of this sum was applied to pay in full the indebtedness for which the deed of June 23, 1911, had been given as security, and that Joseph Leppek should be required to release his security on lot 7, Milwaukee avenue east, as the indebtedness for which the deed was given as security had been paid. It is also claimed that Joseph Leppek wrongfully refused to release his security, but on April 17, 1916, caused the deed to be recorded as an absolute conveyance.

The prayer of the bill is that the defendants be ordered to deed the land back to the plaintiff, and thus release the mortgage lien. The case was tried in open court. Defendant offered no testimony. The trial judge was of the opinion that the plaintiff made out a case by competent and admissible testimony, entitling him to the release for which he prayed, and a decree was made accordingly. We quote from the brief of appellant:

"According to Exhibit 1 (Record, p. 15), which is an alleged receipt, purporting to have been signed by the defendant on the 12th day of October, A. D. 1914, this same indebtedness of plaintiff of $1,219 was paid, but the record and pleadings in this case fail to show that plaintiff considered the indebtedness extinguished at this time; or does the plaintiff predicate this suit on that theory; or does the plaintiff offer any testimony to explain this."

The contention of appellant is summarized in the brief as follows:

"In conclusion we contend that plaintiff has failed to establish any of the material allegations in his bill of complaint by competent testimony, and we respectfully ask that this cause be reversed, and a decree entered by this court dismissing plaintiff's bill of complaint."

The important questions are purely questions of fact. Exhibit 1, mentioned by counsel, is inartificially drawn, but it, with the other exhibits, goes far to sustain the claim of the plaintiff. When there is added to this the competent oral testimony, we think plaintiff has proven his case, so that the trial court very properly made the decree which was entered. It is affirmed, with costs to the plaintiff.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.